RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 9 6 05
BY OM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 98-50036-10 |
| VERSUS | JUDGE DONALD E. WALTER |
| JOHNNY CLINTON | MAGISTRATE JUDGE HORNSBY |

## O R D E R

Before this Court is a Motion for Reconsideration [Doc. #438] filed by defendant, Johnny Clinton, wherein defendant asks this Court to reconsider its Order denying defendant's §2255 motion in light of United States v. Dodd, 125 S.Ct. 2478 (2005). Defendant's reliance on Dodd, supra. however, is misplaced.

In Dodd, supra, the Supreme Court addressed when the limitation period in 28 U.S.C. § 2255 ¶6(3)[1] begins to run. In explaining the purpose of the second clause of ¶6(3), the Court found that ¶6(3)'s date found in the first clause "does not apply at all if the conditions in the second clause - the right 'has been newly recognized by the Supreme Court *and made retroactively applicable to cases on collateral review*' - have not been satisfied." 125 S.Ct. at 2482 (emphasis added). As explained

---

[1] Section 2255, ¶6 provides, in pertinent part:

A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of -

(1) the date on which the judgment of conviction becomes final;

\* \* \*

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . .

in the Order issued on July 6, 2005 [Doc. #432], the Booker Court determined that their holding, making Blakely v. Washington, 124 S.Ct. 2531 (2004), applicable to the Sentencing Guidelines, would apply to "all cases on direct review." Booker, 125 S.Ct. 738, 769 (2005). Thus, even if the Supreme Court recognized a new right in Booker and Blakely, which it did not, the Court clearly did not make that "right" retroactively applicable on collateral review. Accordingly, ¶6(3) does not apply to this case. Further, as the judgment of conviction in this matter became final in 2001, and defendant filed the §2255 motion at issue in 2005, defendant's motion is untimely. See 28 U.S.C. § 2255 ¶6(1).

For the reasons stated above, **IT IS ORDERED** that defendant's Motion for Reconsideration [Doc. # 438] be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 29 day of August, 2005.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

2